The court concludes as matters of law:

1. That the proper basis for determining the appraised value of the merchandise herein is the cost of production for that exported from England prior to February 27, 1958, when the Customs Simplification Act of 1956 became effective, and constructed value for such merchandise exported thereafter.

2. That the importer has not established evidentiary facts sufficient to meet the burden of proof to overcome the presumption of correctness attaching to the values set by the appraiser.

3. That the values as found by the appraiser represent the correct values.

Judgment will be entered accordingly.

**REHEARING MOTION GRANTED**

MAY 14, 1965

Reap. Dec. 10990.—Tupman Thurlow v. United States, ▮▮▮▮▮▮ Reappraisement abandoned April 23, 1965. ▮▮▮▮▮
                                                                                 Motion by plaintiff.

(Reap. Dec. 10991)

MANHATTAN NOVELTY CORP. v. UNITED STATES

Entry No. 775971.

(Decided May 26, 1965)

Lane, Young & Fox for the plaintiff.

John W. Douglas, Assistant Attorney General, for the defendant.

WILSON, JUDGE: The following appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by the above appeal for reappraisement consists of field glasses in leather cases, exported from Japan subsequent to February 27, 1958.

That field glasses in leather cases are not identified in the Final List, published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that said merchandise was entered for consumption subsequent to February 27, 1958.

That on or about the date of exportation of said merchandise, the price at which such or similar merchandise was freely sold, or. in the absence of sales, offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States,